UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
LATOSHA MONIQUE DUNCAN,

               Plaintiff,

  -against-                            **MEMORANDUM AND ORDER**
                                                  Case No. 20-CV-6218 (FB)
COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
---------------------------------------------------x

*Appearances:*
For the Plaintiff:
CHARLES E. BINDER
Law Office of Charles E. Binder and
Harry J. Binder, LLP
485 Madison Ave., Suite 501
New York, NY 10022

*For the Defendant*:
ANNE M. ZEIGLER
Special Assistant U.S. Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Following remand from this Court, Latosha Monique Duncan ("Duncan") received past-due disability benefits from the Social Security Administration ("SSA"). Her counsel, Charles E. Binder, now seeks approval of an attorney-fee award of $8,359.12.

      After this Court remanded the case in 2021, it awarded Binder $743.34 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. On July 1, 2024, the SSA sent a Notice of Award ("NOA") letter advising Duncan that she was due benefits and that the SSA had withheld $8,359.12 to pay a

possible attorney-fee request. On July 16, 2024, Binder filed this § 406(b) attorney-fee application, fifteen days after the Notice of Award. This filing was timely because the Second Circuit presumes a three-day mailing period in addition to the fourteen-day window. *See Sinkler v. Berryhill*, 932 F.3d 83, 89 n.5 (2d Cir. 2019).

Turning to the requested attorney-fee award, the Court determines that $8,359.12 is reasonable under the circumstances. 42 U.S.C. § 406(b) entitles prevailing plaintiffs in Social Security actions to "reasonable [attorney's] fee[s] [that are] not in excess of 25 percent of the total past-due benefits to which the plaintiff is entitled." Reasonableness depends on three factors: (1) whether the proposed fee is below the 25% statutory maximum; (2) whether the contingency-fee agreement is the product of fraud or attorney overreach; and (3) whether the requested amount is so large it constitutes a windfall to the attorney. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). As indicated by the NOA, the proposed fee award here is 12.5%, below the 25% cap, and the Court is aware of no evidence of fraud or attorney overreach.

To assess the third factor, the Second Circuit has directed district courts to consider (1) the expertise and ability of the claimant's lawyer and whether he or she was particularly efficient; (2) the nature and length of the lawyer's professional

2

relationship with the claimant, including any representation at the agency level; (3) the satisfaction of the claimant; and (4) the level of uncertainty of an award of benefits and the efforts it took to achieve the result of a disability ruling.  *See Fields v, Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022) (de facto hourly rate of $1,556.98 was reasonable).  Per the Government's calculations, the de facto hourly rate is $2,458.56 per billed hour.  While this de facto hourly rate is on the higher end, Binder spent only 3.4 hours before this Court, and the Second Circuit cautioned that it would be "foolish to punish a firm for its efficiency."  *Id.* at 854; *see also Kazanjian v. Astrue*, No. 09 CIV. 3678 BMC, 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) ($2,100 de facto hourly rate was reasonable).  Thus, having considered those guidelines, the Court finds that the requested award does not constitute a windfall.

Finally, because an attorney cannot receive fees under both the EAJA and § 406(b), Binder must refund the smaller fee award to the claimant, *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002), i.e., the $743.34 in EAJA fees.

Accordingly, the Court approves Binder's requested attorney-fee award of $8,359.12 under § 406(b) to be paid by the Commissioner out of the proceeds awarded to Plaintiff as past-due benefits.  Within five business days of receipt of the § 406(b) fees, Binder is ordered to refund the EAJA award of $743.34 to

Duncan and file a declaration stating such on the docket.

**SO ORDERED.**

                                             /S/ Frederic Block
                                             FREDERIC BLOCK
                                             Senior United States District Judge

Brooklyn, New York
July 31, 2024